IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Jacquelyn Steele and Rolland Steele | ) |
| | ) |
|     Plaintiff, | ) Civil Action No.: _____ |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| STATE OF GEORGIA, through its | ) |
| instrumentality the GEORGIA DEPARTMENT | ) |
| OF PUBLIC SAFETY; | ) |
| GEORGIA STATE PATROL; | ) |
| COMMISSIONER COLONEL GARY VOWELL, | ) |
| in his official capacity, | ) |
| MAJOR WILLIAM HITCHENS, III, | ) |
| in his official capacity, | ) |
| TROOPER CALEB TERRY, | ) |
| in his official and individual capacity. | ) |
| | ) |
|     Defendants | ) |
| | ) |

Plaintiffs Rolland Steele and Jacquelyn Steele by their Attorney, Aisha Broderick alleges the follows:

Preliminary statement

1. This is a civil rights action in which plaintiffs seeks relief for the violations of the rights secured by 42 U.S.C § 1983, §1988, the Fourth and Fourteenth Amendment to the United States Constitution.

2. The claims arise from a June 16, 2018 incident in which Officers of the Georgia Department of Public Safety ("GDPS"), acting under color of state law, intentionally and willfully subjected plaintiff to, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000 excluding costs and interests.

VENUE

6. Venue is land within the United Stated District Court for the Northern District of Georgia in that the Defendant Georgia Department of Public Safety is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Northern District of Georgia.

7. Plaintiffs Jacquelyn Steele and Rolland Steele are legal residents of the United States and at all times here resided in Leon County, Tallahassee Florida.

8. The State of Georgia (or "the State") is a government corporation organized under the laws of the State of GA. At all times relevant, Defendant State, action through the Georgia Department of Public Safety, was responsible for the policy, practice, supervision, implementation, and conduct of all GDPS personnel. In addition, at all times here relevant, Defendant State was responsible for enforcing the rules of GDPS, and for ensuring that GDPS personnel obey the laws if the United Stated and the State of Georgia.

9. Officer Caleb Terry was, at all times here relevant, a Trooper with GDPS, and as such was acting in the capacity of an agent, servient and employee of the State of Georgia. On information and belief, at all times relevant, Trooper Terry was the "arresting officer" and was under the command of Post 5 of the GDPS. Defendant is sued in his individual capacity.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State. Their depravation of Mr. & Mrs. Steele's constitutional rights are set forth in the following statements of facts and causes of action.

## Timeliness

11. A Statute of limitations begins to run when a cause of action accrues. 42 U.S.C. §1983 does not contain a statute of limitation, but the Supreme Court has held that the state limitations period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. 1983. Wilson v. Garcia, 471 U.S. 261 (1985). The United States Court of Appeals for the Eleventh Circuit has held that the Georgia two-year personal injury limitations period for injuries to the person under O.C.G.A 9-3-33 applies to 1983 actions in a Georgia district court. Mullinax v. McElhenny, 817 F.2d 711 (11th Cir. 1987).

12. Plaintiff's cause of action occurred on June 16, 2018, as a result the two-year period for the statute of limitations began to run June 17, 2018 and would have typically ended on June 16, 2020. Plaintiff's statute of limitations was impacted by the closure of the Georgia

Courts due to the Covid-19 Pandemic. The Supreme Court of Georgia issued an emergency Judicial Order tolling, extending and suspending the statute of limitations.

13. From March 14 through July 14, 2020, Plaintiff's would have had days to file 92 days to file their complaint based on the extension of time as a result of the tolling of the statute of limitations due to the emergency order issued. Plaintiff's new deadline to file a complaint begins from the date of reinstatement of the statute of limitations providing an additional 92 days from that date making the deadline October 17, 2020 due to the exclusion of official federal holidays including Labor Day and Columbus Day.

## FACTUAL ALLEGATIONS

14. Plaintiffs are African American citizens, legally residing in the United States.

15. Plaintiffs are a married couple and parents of 10 children.

16. On June 16, 2018, Plaintiffs were riding in the family vehicle with 3 of their children on their way to a work conference.

17. At approximately 7:29pm, Trooper Terry pulled over the family vehicle.

18. Trooper Terry asked for Mr. Steele's license before returning to his patrol vehicle. Mr. Steele explained that he forgot his license at home.

19. Trooper Terry asked the children what was in the family suitcases.

20. Trooper Terry returned to the vehicle, opened Mr. Steele's door, grabbed him by the arm and demanded that Mr. Steele exit the vehicle.

21. Trooper Terry told Mr. Steele that he was being arrested because his license was suspended.

22. Mr. Steele told Trooper Terry that his license was not suspended. Mrs. Steele began recording the interaction using her cellphone and asking the officer to calm down.

23. Trooper Terry pulled out his taser and pointed it at Mr. Steele.

24. Mrs. Steele called 911 for assistance. Mrs. Steele stated that she was about to activate her Onstar membership for assistance.

25. Trooper Terry pulled Mr. Steele to the front of the patrol vehicle upon his exit from his car.

26. Mrs. Steele exited the vehicle to see what was happening.

27. Trooper Terry pulled out his taser and pointed it at Mrs. Steele.

28. Mrs. Steele ran toward the road waiving her arms to get help as she yelled for help repeatedly.

29. Trooper Terry pushed Mr. Steele to the ground and tased him in the back.

30. Trooper Terry grabbed Mrs. Steele as she was approaching the should of the road and told her that she was under arrest.

31. Trooper Terry slammed Mrs. Steele to the ground and tased her while she was on the ground in view of her children.

32. Trooper Terry turned Mr. and Mrs. Steele's children over to child services and had their vehicle towed.

33. Plaintiff and Mr. Steele were transported to Whitfield County Jail and booked.

34. The arrest prevented Mrs. Steele from attending her work conference.

35. Plaintiff and Mr. Steele were required to secure bond through a bonding company to secure their release.

36. They were required to locate family able to pick up their children from child services.

37. Defendants' actions caused Mr. Steele to lose employment opportunities and cause significant emotional trauma to his family and children.

38. At all times during the events described above, the defendants were engaged in a joint venture that violated plaintiff's rights.

39. During all the events all described above, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

40. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of their rights pursuant to Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;

b. Plaintiffs also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

c. Any reasonable officer knew or should have known of these rights at the time of the conduct in question as they were clearly established at that time.

d. Defendants' action and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. and Mrs. Steele's federally protected rights. The force used by this Defendant shocks the conscious and violated these Fourteenth Amendment rights of Plaintiff.

e. Defendants unlawfully seized Mr. and Mrs. Steele by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. and Mrs. Steele of her freedom.

f. Defendants engaged in conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. and Mrs. Steele's federally protected constitutional rights.

g. They did so with shocking and willful indifference to Plaintiffs' rights and their conscious awareness that they would cause Plaintiffs' severe physical and emotional injuries.

h. The acts or omissions of Defendants' as described herein intentionally deprived Plaintiffs of their constitutional rights and caused their other damages.

i. These individual Defendants' are not entitled to qualified immunity for the complained of conduct.

j. The Defendants' to this claim at all times relevant hereto was acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in his actions pertaining to Plaintiff.

k. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As further results of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

l. On information and belief, Plaintiffs may suffer lost future earnings and impaired earnings. Plaintiffs is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.§ 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

m. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants' under 42 U.S.C. §1983, in that the actions of each of this individual Defendants' have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

n. Violation of her right to Due Process of Law under the Fourteenth amendments to the United States Constitution;

o. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

## FIRST CAUSE OF ACTION

**42 U.S.C 1983-Excessive Force in violation of the Fourth and Fourteenth Amendments**

41. The preceding paragraphs are here incorporated by reference.

42. Defendants' have deprived plaintiffs of their civil, constitutional and statutory

rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C §1983.

43. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searched and seizures, pursuant to the Fourth and Fourteenth Amendments to the United Stated Constitution. Defendants' conduct also deprived plaintiffs of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

44. Defendants falsely arrested plaintiffs.

45. Plaintiffs has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION

**42 U.S.C § 1983-Racial discrimination in Violation of the Equal Protection Clause of Fourteenth Amendment and 42 U.S.C §1981**

46. The above paragraphs are here incorporated by reference.

47. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant State of Georgia and in furtherance of Defendant State of Georgia's interest.

48. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant State of Georgia, Plaintiffs were damaged.

49. At the time of the complained of events, Plaintiffs had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

50. Plaintiffs, as African Americans are members of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially motivated beatings, arrests, searches, and the filings of false charges.

51. Any reasonable police officer knew or should have known of these rights at the time of the time of the misconduct.

52. Plaintiffs' race was a motivating factor in the decisions to use excessive force and then maliciously prosecute Plaintiffs with false charges. Defendants' conduct was undertaken with the purpose of depriving Plaintiffs of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and § 1981.

## THIRD CAUSE OF ACTION

**42 U.S.C. § 1983-False arrest in violation of the Fourth and Fourteenth Amendments**

53. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

54. In arresting Plaintiffs, Defendant Terry falsely accused them of committing the acts of speeding, safety restraint violation, interference with government property, driving under a suspended license, hindering law enforcement and failing to obey traffic control device or officers, and placed them under detention separating them from their children for had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

55. Any reasonable Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

56. Defendant violated Mrs. Steele's Fourth and Fourteenth Amendment rights to be free from false arrest when they worked in concert to secure false charges against her, resulting in unlawful confinement and prosecution.

57. Defendant engaged in the conduct described by the Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mrs. Steele's federally protected constitutional rights.

58. No criminal proceedings were resulted from the arrest or Mrs. Steele. The prosecutor did not pursue charges against Mr. & Mrs. Steele, reflecting that there was no case against them.

59. The acts of Defendant intentionally deprived Plaintiff of her constitutional and statutory rights and caused them and their children other damages.

60. Defendants are not entitled to qualified immunity for the complained of conduct.

61. Defendant to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

62. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each Defendants under 42 U.S.C. §1983, in that the actions of each of this individual, Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiffs.

## FOURTH CAUSE OF ACTION

**Violation of 42 USC § 1983-Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981.**

63. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

64. Defendant deliberately exhibited indifferent policies, practices, customs, training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981.

65. Plaintiff had the following clearly rights at the time of the complained of conduct:

    a. The right to be secure in his person from unreasonable seizure through excessive force, under Forth Amendment;

    b. The right to bodily integrity and to be free from by law enforcement under the Fourth Amendment;

    c. The right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. §1981; and

    d. The right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

    e. These Defendants developed and maintained policies, procedures, customs, and/or practices for the same.

    f. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights, which were moving forces behind and proximately caused the violations of Mr. and Mrs. Steele constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action form among various available alternatives.

g. Defendant Terry and Defendant State have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/ or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

h. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

i. Plaintiffs seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. §1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the Internal Affairs of failing to investigate or appropriately handle complaints of

the same, which Defendants have no intention for voluntarily correcting despite obvious need and request for such correction.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demand judgment against defendants, jointly and severally, as follows:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial by a fair and impartial juror to the extent allowed by law;

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against individuals Defendant and in an amount to be determined at trial;

E. Attorneys' fees and the costs associated with this action under 42 U.S.C. §1988, including expert witness fees, on all claims allowed by law;

F. That all costs of this action be taxed against Defendants;

G. Pre- and post- judgment interest at the lawful rate; and

H. and further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted this 16th day of October 2020.

/s/ Aisha Broderick

Aisha Broderick
Aisha Broderick (GA Bar 166997)
Colson Broderick, LLC
2727 Paces Ferry Rd. Bldg. 1 Suite 750
Atlanta, GA 30339

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| Jaquelyn Steele and Roland Steele | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |

|  |  |
|---|---|
| v. | ) |
|  | ) |
|  | ) |
| STATE OF GEORGIA, through its | ) |
| instrumentality the GEORGIA DEPARTMENT | ) |
| OF PUBLIC SAFETY; | ) |
| TROOPER CALEB TERRY, | ) |
| in his official and individual capacity | ) |

## CERTIFICATE OF SERVICE

I, Aisha Broderick, hereby certify that on October 16, 2020, I electronically filed the foregoing

Complaint with the Clerk of the Court using the CM/EMF system. The Complaint will be served

on the above-named Defendants.


/s/ Aisha Broderick

Aisha Broderick
(GA Bar 166997)
Colson Broderick, LLC
2727 Paces Ferry Rd. Bldg. 1 Suite 750
Atlanta, GA 30339
(404)884-4416
abroderick@colsonbroderick.com